Defendant-appellant, Timothy Smithers, appeals his classification as a sexual predator. We affirm the decision of the trial court.
On November 21, 1991, appellant was indicted for one count each of rape, felonious sexual penetration and gross sexual imposition. On April 30, 1992, appellant pled guilty to one count of felonious sexual penetration and was sentenced to nine to twenty-five years in prison. At the time of the crime, the victim was nine years old. At the sentencing hearing, appellant agreed with the prosecutor's description of the crime, which is as follows:
 This conduct occurred in the Defendant's mobile home. I'll indicate that the victim in this indicated that * * * she had been playing in [appellant's] house with two of his children. They had been playing tag or some other game, the kids had to take a bath, [the victim] was waiting for them, in the living room with [appellant]. They were watching TV, and [appellant] took the young lady by the hand and led her to his bedroom. She indicated she thought he was going to show her something. [Appellant] did close and lock the door, placed the victim on the bed, removed her — pulled her shorts and underwear down, unzipped his pants. She indicated that a substance, yellow stuff, came out of his thing onto her stomach. He apparently wiped that off her stomach with a pair of dirty underwear and then put his clothes on.
 * * * [Appellant] admitted to, with his finger, rubbing the victim's privates to get her wet and then placing his finger inside of her, and then also admitted that he had rubbed his penis on her privates until he reached orgasm on her stomach.
On January 29, 1998, the trial court notified the parties that a hearing would occur to determine if appellant should be classified as a sexual predator. A hearing was conducted on May 15 and 29, 1998. In a June 3, 1998 entry, the trial court ruled that appellant should be classified as a sexual predator. From this ruling, appellant filed a timely notice of appeal and asserts three assignments of error:
Assignment of Error No. 1:
 R.C. CHAPTER 2950, AS APPLIED THROUGH 2950.09, VIOLATES THE UNITED STATES CONSTITUTION.
Assignment of Error No. 2:
 R.C. CHAPTER 2950, AS APPLIED THROUGH 2950.09, VIOLATES THE OHIO CONSTITUTION.
Assignment of Error No. 3:
 THE TRIAL COURT ERRED WHEN IT DETERMINED, WITHOUT CLEAR AND CONVINCING EVIDENCE, THAT MR. SMITHERS IS LIKELY TO COMMIT A SEXUALLY-ORIENTED OFFENSE WHEN RELEASED FROM PRISON AND THEREBY FOUND THAT HE IS A SEXUAL PREDATOR.
The arguments raised in the first and second assignments of error, that R.C. 2950, et seq. is an Ex Post Facto law in violation of Section 10, Article I of the United States Constitution and is applied retroactively in violation of the Ohio Constitution, are foreclosed by the Supreme Court of Ohio's recent ruling in State v. Cook (1998), 83 Ohio St.3d 404. Accordingly, the first and second assignments of error are overruled.
In the third assignment of error, appellant argues that the trial court erred by classifying appellant a sexual predator. The term "sexual predator" is codified in R.C. 2950.01(E) as "a person who has been convicted of or pleaded guilty to committing a sexually oriented offense, and is likely to engage in the future in one or more sexually oriented offenses." A determination that an offender is a sexual predator must be made by clear and convincing evidence. R.C. 2950.09(B)(3). Clear and convincing evidence means "that measure of degree of proof which will produce in the mind of the trier of facts a firm belief or conviction as to the allegations sought to be established." State v. Naegele (Jan. 12, 1998), Clermont App. No. CA97-04-043, unreported, at 3-4, affirmed (1998), 84 Ohio St.3d 19, citing Cross v. Ledford (1954), 161 Ohio St. 469,477.
Felonious sexual penetration is a sexually-oriented offense. R.C. 2950.01(D)(1). Therefore, the only issue is whether appellant "is likely to engage in the future in one or more sexually oriented offenses" and is, therefore, a sexual predator. In evaluating whether an offender is a sexual predator, the trial court
 shall consider all relevant factors, including, but not limited to, all of the following:
(a) The offender's age;
 (b) The offender's prior criminal record regarding all offenses, including, but not limited to, all sexual offenses;
 (c) The age of the victim of the sexually oriented offense for which sentence is to be imposed;
 (d) Whether the sexually oriented offense for which sentence is to be imposed involved multiple victims;
 (e) Whether the offender used drugs or alcohol to impair the victim of the sexually oriented offense or to prevent the victim from resisting;
 (f) If the offender previously has been convicted of or pleaded guilty to any criminal offense, whether the offender completed any sentence imposed for the prior offense and, if the prior offense was a sex offense or a sexually oriented offense, whether the offender participated in available programs for sexual offenders;
 (g) Any mental illness or mental disability of the offender;
 (h) The nature of the offender's sexual conduct, sexual contact, or interaction in a sexual context with the victim of the sexually oriented offense and whether the sexual conduct, sexual contact, or interaction in a sexual context was part of a demonstrated pattern of abuse;
 (i) Whether the offender, during the commission of the sexually oriented offense for which sentence is to be imposed, displayed cruelty or made one or more threats of cruelty;
 (j) Any additional behavioral characteristics that contribute to the offender's conduct.
R.C. 2950.09(B) (2).
In this case, the trial court noted that the victim, nine years old at the time of the offense, was particularly vulnerable. R.C. 2950.09(B)(2)(c). The court commended appellant on completion of various sex offender counseling programs to address the behavior that led to his conviction and taking responsibility for the crime. R.C. 2950.09(B)(2)(f). However, the trial court found appellant's explanation for his crime, stress over his financial problems and the possibility of his wife and children leaving him, to be troubling. The trial court reasoned that stress is "certain" and appellant, once released, would face stress on a daily basis. The trial court acknowledged that it was not appellant's fault if further individual counseling programs were not available in prison. Nevertheless, the court felt without more counseling on an individualized basis, there was clear and convincing evidence that appellant was likely to commit a sexually-oriented offense in the future. We agree with the reasoning and conclusion of the trial court. Thus, the third assignment of error is overruled.
Judgment affirmed.
YOUNG, P.J., and WALSH, J., concur.